IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-49,984-02






EX PARTE CATHY LYNN HENDERSON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. 94-2034 IN THE 299
TH DISTRICT COURT


TRAVIS COUNTY





Per Curiam. Keller, P.J., filed a dissenting opinion in which Hervey, J. joined.
Price, J., filed a concurring statement. Keasler, J., filed a dissenting statement. 
Meyers, J., not participating.


ORDER 



 This is a subsequent application for writ of habeas corpus filed pursuant to article
11.071, § 5, of the Texas Code of Criminal Procedure. Applicant raises three claims in which
she asserts that she has newly available evidence that shows that: (1) she is innocent of capital
murder; (2) but for constitutional errors she would not have been found guilty; and (3) she is
no longer death eligible.

 Applicant was convicted of capital murder in May 1995. This Court affirmed her
conviction and sentence on direct appeal. Henderson v. State, 962 S.W.2d 544 (Tex. Crim.
App. 1997). In October 1998, applicant timely filed her initial application for writ of habeas
corpus and amended it on November 17, 1998. We denied relief. Ex parte Henderson, No.
WR-49,984-01 (Tex. Crim. App. March 6, 2002) (not designated for publication).

 Applicant asserts that the critical issue in her trial was whether she intentionally caused
Brandon Baugh's death as asserted by the State or whether Brandon's death was the result of
an accidental fall. In this subsequent application, applicant has submitted significant recent
scientific research and the affidavits and reports of several scientists. That material indicates
that what is called the biomechanical analysis of infant head trauma (an area of scientific
research that was beginning to develop in 1995 when applicant was tried and convicted) now
shows that the type of head injuries that Brandon Baugh suffered could have been caused by an
accidental short fall onto concrete. Although the details have varied, applicant's position
throughout has been that Brandon fell out of her arms as she was carrying him and hit his head
on the concrete playroom floor. 

 At the time of trial Dr. Roberto Bayardo, the highly experienced medical examiner for
Travis County, testified that it was "impossible" for Brandon's extensive brain injuries to have
occurred in the way that applicant stated. He testified that her story was false and "incredible." 
In his opinion (and that of Dr. Sparks Veasay of Lubbock County), Brandon's injuries had to
have resulted from a blow intentionally struck by applicant. He concluded, "I would say the
baby was caught up with the hands by the arms along the body and then swung and slammed very
hard against a flat surface." In his 1995 opinion, Brandon was an abused baby whom applicant
had intentionally murdered. 

 But according to the affidavits and/or reports submitted by Drs. John J. Plunkett, Peter
J. Stephens, Janice J. Ophoven, and Kenneth L. Monson, recent advances in the area of
biomechanics and physics suggest that it is perhaps possible that Brandon's head injuries could
have been caused by an accidental short-distance fall. 

 The Honorable Jon Wisser presided over applicant's 1995 trial and is currently
presiding over her subsequent writ application. He was sufficiently troubled by the initial
scientific evidence presented to him that, on April 4, 2007, he recalled applicant's original
death warrant and rescheduled her execution for June 13, 2007, to give her sufficient time to
gather additional material for this subsequent writ application. (1)

 Applicant did so. Dr. Bayardo has now submitted an affidavit which, in essence, recants
his trial-time conclusive opinion. His affidavit states the following:

 Since 1995, when I testified at Cathy Henderson's trial, the medical profession
has gained a greater understanding of pediatric head trauma and the extent of
injuries that can occur in infants as a result of relatively short distance falls,
based in part on the application of principles of physics and biomechanics. 
Specifically, and as shown in the reports that I have read, even a fall of a
relatively short distance onto a hard surface can cause the degree of injury that
Brandon Baugh experienced. If this new scientific information had been
available to me in 1995, I would have taken it into account before attempting to
formulate an opinion about the circumstances leading to the injury.


 I have reviewed the affidavit of John Plunkett dated May 18, 2007, and I agree
with his opinion. Based on the physical evidence in the case, I cannot determine
with a reasonable degree of medical certainty whether Brandon Baugh's injuries
resulted from an intentional act or an accidental fall. In fact, had the new
scientific information been available to me in 1995, I would not have been able
to testify the way I did about the degree of force needed to cause Brandon
Baugh's head injury.


 Dr. Bayardo's re-evaluation of his 1995 opinion, which he states is based upon new
scientific developments, is a material exculpatory fact. In our view, the current application
contains sufficient specific facts establishing that applicant's first two claims satisfy the
requirements of article 11.071, § 5(a).

 We therefore grant applicant's request for a stay of execution and remand this
subsequent application for writ of habeas corpus to the trial court for further proceedings on
applicant's first two claims. We dismiss her third claim-that she is no longer death eligible-
because it is not legally cognizable under article 11.071, § 5.

 IT IS SO ORDERED THIS THE 11th DAY OF JUNE, 2007.

Publish

1. Judge Wisser wrote, "I decided, although not convinced of the legal correctness of the
defendant's position, it is in the interest of justice and the criminal justice system of this state, that the
execution date of April 18th be reset to June 13th, 2007. This should permit the defense adequate time
to perfect any subsequent writ."